## Francis Jones *v.* Lathrop Marsh.

Where a contract for the sale of property is entire, and the delivery of the property and the payment of the purchase money are concurrent acts, to be performed at the same time, neither party can maintain an action upon the contract, without averring performance, or an offer to perform, upon his part.

Where the vendor, in such case, promises to deliver the property at a specified time and place, and the vendee promises to pay for it upon delivery, these promises are dependent upon each other; the vendor is not compelled to part with his property without payment, nor the vendee to pay the money, without receiving the property.

Jones v. Marsh.

And where the vendee, in such case, has advanced a portion of the purchase money, but has not performed the residue of his contract by payment upon delivery, and the vendor has re-sold the property, and has thereby incurred a loss to a greater amount than the sum advanced by the vendee, the vendee cannot recover back the sum so advanced by him, either on a count upon the contract, not averring performance on his part, nor on a count for money had and received.

If the vendor, in such case, attend, with his property, at the time and place specified, ready to deliver the same, and the vendee do not appear, for the purpose of performing his part of the contract, the vendor may, after waiting a reasonable time, re-sell the property.

ASSUMPSIT. The plaintiff alleged in his declaration, that on the thirty first day of September, 1847, he contracted with the defendant, to purchase of him all the new milk cheese which he then had on hand, and all that he should make between that time and the first day of October, 1847, at seven cents per pound, to be delivered at the wharf at St. Albans Bay on the fifteenth day of October, 1847, and that he advanced to the defendant fifty dollars on account of said contract, but that the defendant had never delivered the cheese; and the plaintiff claimed to recover the amount so advanced by him. There was also a count for money had and received. Plea, the general issue, with notice, that the defendant would prove, that he had ready for delivery, at the place agreed upon, on the fifteenth day of October, 1847, and for several days thereafter, all the cheese which he contracted to deliver, but that the plaintiff neglected to appear to receive the cheese, or to pay for the same, and that thereupon the defendant sold the cheese at a price less than seven cents per pound, and thereby incurred a loss of a large sum, to wit, seventy dollars. Trial by the court, September Term, 1849, —POLAND, J., presiding.

On trial the plaintiff gave in evidence a written contract between the parties, which was in these words ;—" Received, Franklin, September 31st, 1847, of Francis Jones, fifty dollars, in part pay for my " dairy of cheese. I am to deliver all the new milk cheese I have " now on hand, and all I make up to the first of October next, well " boxed, on the wharf at St. Albans, by the fifteenth of October " next, for which I am to have seven cents per pound on delivery. " (Signed) Lathrop Marsh." And it was conceded by the plain-

tiff, that the facts stated in the defendant's notice under the general issue were to be considered by the court as true.

The court rendered judgment for the defendant. Exceptions by plaintiff.

*A. Burt* for plaintiff.

Where a covenant, or promise, goes only to a part of the consideration, and a breach thereof may be paid for in damages, it is an independent covenant, or promise, and an action may be maintained for a breach of it by the defendant, without alleging a performance, or readiness to perform, in the declaration. *Obermye* v. *Nichols*, 6 Binn. 159. *Bennett* v. *Ex'r of Pixley*, 7 Johns. 249. *Benson* v. *Hobbs*, 4 Har. & J. 286. *Morrison* v. *Galloway*, 2 Ib. 467. *Foster* v. *Purdy*, 5 Met. 442. If the plaintiff's covenants, which form the consideration, be dependent, yet if part of the consideration have been accepted and enjoyed by the defendant, and the plaintiff have no other remedy than on the covenant, and the defect on his part be compensable in damages, the plaintiff may recover, without alleging performance of the residue. And the rule is thus laid down in *Lewis* v. *Weldon*, 3 Rand. 71, 81; *Muldron* v. *M'Clelland*, 1 Lit. 1; *Payne* v. *Bettisworth*, 2 A. K. Marsh. 429;— and upon this ground, that a considerable part of the consideration has been received and enjoyed by the defendant; *Tompkins* v. *Elliot*, 5 Wend. 496. It must therefore be averred in the declaration, or appear in the pleadings, that part has been performed and received. *Bean* v. *Atwater*, 4 Conn. 4–13. The true rule appears to be, that if part of the consideration have been executed, at the time the covenants are made, the covenants, which form the residue of the consideration, are independent,—as in the case of *Bean* v. *Atwater*. *Stavers* v. *Curling*, 3 Bing. N. C. 353, [32 E. C. L. 353.] Smith's Lead. Cas., n. pp. 14–17.

If the purchaser of goods neglect to take them away in a reasonable time, and after notice, though the seller may charge him warehouse rent, and bring an action for not receiving them, if he be prejudiced by the delay, yet the buyer's neglect does not authorize the seller to put an end to the contract and sell the goods to another person. Long on Sales 109.

Jones *v.* Marsh.

*Rand & Child* for defendant.

1. The contract between the parties is an entire, indivisible contract; the delivery of the cheese by the defendant and the payment of the purchase money by the plaintiff are concurrent acts, and performance, or offer to perform, by the plaintiffs is a condition precedent to his right of recovery. *Bank of Columbia* v. *Hagner*, 1 Pet. 455. 2 Smith's Lead. Cas. 1, 10. 1 Ib. 17. 2 Stark. Ev. 886, 887. 1 Chit. Pl. 323, 324. *Dana* v. *King*, 1 Pick. 155.

2. The plaintiff's neglect, or refusal, to appear at the place designated in the contract for the delivery of the cheese amounts to an abandonment of the contract by him, and he is not entitled to recover in special assumpsit upon the contract, or in general assumpsit for what he has paid or performed under it. 2 Smith's Lead. Cas., Am. Notes, 31. Ib. 1. *St. Albans Steamboat Co.* v. *Wilkins,* 8 Vt. 54. *Faxon* v. *Mansfield,* 2 Mass. 147. *Stark* v. *Parker,* 2 Pick. 267. *Jennings* v. *Camp,* 13 Johns. 94. *Ketchum et al.* v. *Evertson,* Ib. 359. 2 Pick. 155.

3. The payment of the $50 merely bound the defendant to carry the cheese to St. Albans Bay and to comply with the farther conditions of the contract, upon his receiving the purchase money from the plaintiff; and if the plaintiff neglected, or refused, to complete the contract, he forfeited what he had paid. Esp. N. P. 15, 16. *Langfort* v. *Adm'r of Tiler,* 1 Salk. 113. *Saville* v. *Saville,* 1 P. Wms. 745. 13 Johns. 359. Chit. on Cont. 396, 431–435.

The opinion of the court was delivered by

KELLOGG, J. This was an action of assumpsit, counting upon a contract for the sale and delivery of the defendant's cheese. The declaration also contained a count for money had and received. The issue was tried by the court, and, upon the facts found, the county court rendered judgment for the defendant, and the question presented for consideration is, are the facts reported sufficient to sustain the judgment of the court below?

The contract, upon which the plaintiff seeks to recover, is entire and indivisible, and the delivery of the cheese by the defendant and the payment of the purchase money by the plaintiff are concurrent acts, to be performed at the same time. The contract remains unrescinded, and upon such a contract it is well settled by the

authorities, that neither party can maintain an action, without averring performance, or an offer to perform, his own part of the contract.

That the promises and undertakings of the parties are *dependent* would seem, by the language of the contract, to be placed beyond all doubt. But even if it were doubtful, whether the promises are dependent, or independent, it is said, that courts have uniformly favored the former construction,—that of dependent promises,—as being obviously the most just. The vendor ought not to be compelled to part with his property, without receiving the consideration; nor the vendee to part with his money, without receiving an equivalent in return.

But it is said, that although the promises of the parties are mutual and dependent, yet, inasmuch as part of the consideration has been accepted and enjoyed by the defendant, and the plaintiff has no other remedy than upon the agreement, and inasmuch as the plaintiff's failure to perform his part of the contract can be compensated in damages, the plaintiff should be allowed to recover, without alleging performance of the remainder. And some few authorities are cited by the plaintiff, as sustaining this doctrine. These cases, however, proceed upon the ground, that the *principal* part of the consideration had been received and enjoyed. For it is admitted, that where there has not been such acceptance of part, as makes it fraudulent to set up this defence, the action will not be sustained, though the plaintiff's undertaking be divisible. And in this case it can hardly be said to be fraudulent in the defendant to set up this defence, inasmuch as the *amount* advanced by the plaintiff upon the making of the contract is *less* than the *loss* sustained by the defendant upon a re-sale of the property.

Neither is the plaintiff entitled to recover upon the general count. The contract being entire and executory, although the plaintiff has performed a part of it, yet having failed to perform the remainder, without any sufficient excuse, and without the consent of the defendant, he cannot recover, either upon the special or general counts. This proposition is sustained by numerous adjudged cases. 2 Smith's Lead. Cas. (notes) 31. 8 Vt. 54. 2 Pick. 267. 13 Johns. 94. Ib. 359. The case of *Ketchum* v. *Evertson*, 13 Johns. 359, is directly in point and decisive of the case before us.

Nor is the plaintiff entitled to recover the money by him advanced upon the contract; Esp. 16; 1 P. Wms. 745; 1 Salk. 113; at least, unless the amount realized from the sale of the property, when added to the sum advanced by the plaintiff, shall amount to more than sufficient to meet the contract price of the cheese and the expenses incident to the sale; and then he would only be entitled to recover *such excess.* The case shows, that there was no excess in the hands of the defendant.

The plaintiff having failed to appear at the time and place specified in the contract, to receive and pay for the cheese, the defendant was at liberty to treat it as an abandonment of the contract by the plaintiff, and was justified in re-selling the property. The county court must have found, that the defendant kept the cheese for the plaintiff a *reasonable time,* and beyond this he certainly was not bound to hold it. To require him to store the property and delay the receipt of his money would be unreasonable and what the law does not require of him. The right of the vendor to sell, under such circumstances, is clearly sanctioned by the authorities. Chit. on Cont. 396, 431. 1 Salk. 113. 13 Johns. 365.

Upon the facts found in this case we are unable to discover any ground, upon which the plaintiff is entitled to recover. The judgment of the county court is therefore affirmed.