CLARK *v.* THE CONTINENTAL IMPROVEMENT CO. ET AL.

CONTRACT. —*Consideration.*— *Tender.* —*Subscription.*— *Railroad.*— *Appeal.*— *Parties.*—*Assignment of Error.*— *Waiver.*—*Supreme Court.*—By an obligation payable to a certain person or bearer, the maker, in consideration of one dollar, the receipt of which was therein confessed, and of the delivery to be made to him by a certain railroad company of a specified number of shares of its capital stock, acknowledged himself to be indebted in a certain sum, which he promised to pay in instalments as the construction of the road-bed of such railroad progressed, in proportion to monthly estimates thereof, and that the whole should be paid on the completion of such road-bed.

*Held,* in an action on such obligation, by an assignee against the maker, that no tender of such stock need have been made to maintain an action for any single monthly instalment.

*Held,* also, that an action for the *whole* of such sum can not be maintained without such tender having *first* been made.

*Held,* also, that such obligation was not a subscription to the capital stock of such company.

*Held*, also, that the one dollar, confessed in such obligation to have been received by the defendant, is too insignificant a part of the consideration to waive a tender of such stock, in an action to recover the whole principal.

*Held*, also, such railroad company having been made a party defendant in such action, but no judgment having been rendered against it below, that it need not be made a party to, nor served with notice of, an appeal to the Supreme Court.

*Held*, also, that a failure to give notice to the company of such appeal is ground for setting aside a submission of the cause on default, but not for a dismissal of the appeal.

*Held*, also, the company having been, by the assignment of errors, made an appellee instead of an appellant, that such assignment is informal, but a failure to object thereto is a waiver of such informality.

From the DeKalb Circuit Court.

*J. Morris, R. W. McBride* and *J. L. Morlan,* for appellant.

*A. A. Chapin,* for appellees.

WORDEN, J.—The Continental Improvement Company, as the holder of the following bond by equitable assignment, sued the appellant, Clark, as the maker thereof, viz.:

"Know all men by these presents, that I, O. C. Clark, of Noble county, and State of Indiana, in consideration of two shares in the capital stock of the Grand Rapids and Indiana Railroad Company, to be delivered to me by said company upon the payment of the sum of money herein specified, and in consideration of the sum of one dollar to me in hand paid by said company, the receipt whereof is hereby confessed, I do hereby acknowledge myself indebted and bound to Samuel Hanna, or bearer, in the sum of two hundred dollars, for so much money by him to be procured to aid in the construction of the division of said company's road lying between the city of Fort Wayne and Kendallville, which sum I promise to pay to said Samuel Hanna, or the bearer hereof, as the work on the said road-bed of said division shall be prosecuted, and in proportion to each monthly estimate, until the whole amount shall be fully paid; which sum I prom-

ise to pay in full as soon as the road-bed of said division shall be put in readiness for laying the rails thereon.

" In witness whereof I have hereunto set my hand and seal, this 10th day of April, A. D. 1866.

[SEAL.] " O. C. CLARK."

There was an answer, amongst other things, of general denial, and the cause was tried by the court, who found for the plaintiff for the full amount of the bond and some interest, and rendered judgment accordingly, over a motion for a new trial.

It appears by the admission of the parties, which was made evidence in the cause, that the stock mentioned in the bond had not been delivered or tendered to the defendant before the action was brought, but that, after the action had been commenced, the plaintiff made a tender of the same to him in open court.

The only question made here by the appellant, as we understand the brief of counsel, is, whether the action can be maintained, no tender of the stock, either conditional or otherwise, having been made before the commencement of the action.

If the action had been brought to recover any of the monthly instalments stipulated for, before the whole sum became due, no tender would have been necessary, because the stock was to be delivered to the defendant only upon the payment of the sum of money specified in the bond, that is, the whole sum. But the action was not for any instalment merely, but for the whole sum, and was based upon the theory that the whole sum had become due by the terms of the bond. For the purpose, then, of determining the questions involved, we think the case must be regarded as if no monthly payments in proportion to estimates had been provided for in the bond, but that the whole sum was to become due upon the completion of the work as stipulated for. *Cox* v. *Hazard*, 7 Blackf. 408.

We are of opinion, that the action could not be maintained without a tender of the stock previous to its com-

mencement; not an unconditional tender, but a tender upon condition of payment. Until such tender was made, the plaintiff had no complete cause of action, for the stock was to be delivered to the defendant upon the payment of the money.

In the case of *Mix* v. *Ellsworth*, 5 Ind. 517, suit was brought on the only unpaid obligation given for the pur-chase-money for a certain lot, which was to be conveyed on payment of the obligations; and it was held, that the suit could not be maintained, unless, before it was commenced, a tender of conveyance on payment was made.

Numerous authorities are cited in the case. We pass over any intermediate authorities upon the point, and notice the case of *Summers* v. *Sleeth*, 45 Ind. 598.

In that case, a note was given to a railroad company for one hundred and fifty dollars, closing in these words: "For which said railroad is to issue to me the amount in the capital stock of said company, on the payment of said one hundred and fifty dollars." It was held, that the action could not be maintained in the absence of a tender of the stock before it was brought.

There is no analogy between the case here and that of an ordinary subscription to the capital stock of a railroad company, on which an action may be maintained without having tendered the certificates for the stock. Payment of an ordinary subscription to the capital stock makes the subscriber a stockholder, even if the subscription does not, and he can always demand and obtain the proper cer-tificate. But payment of the obligation sued on would not make the defendant a stockholder in the Grand Rapids and Indiana Railroad Company. The obligation is not a subscription to the capital stock of the company, and he can not become a stockholder by payment of the obligation sued on, unless the stock is transferred to him.

But it is urged by counsel for the appellee, that there is another principle of law which will uphold the action, though no tender of the stock was made before the action

was brought. That principle is stated in the following terms, in the case of *Morton* v. *Kane*, 18 Ind. 191:

" Where the plaintiff's agreement or stipulation constitutes only a part of the consideration of defendant's contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff may be compensated in damages, an action may be supported on the contract without showing strict performance by the plaintiff."

There were two, and only two, considerations for the defendant's obligation, viz., the two shares of stock to be delivered to him, and the dollar paid him as " confessed " in the obligation. Perhaps it may be conceived that the motive of the defendant in executing the bond was to secure the construction of the road, whereby he might be benefited, but that constituted no part of the consideration. The motive prompting one to execute a contract, and the consideration of the contract, are entirely different things. There were, as we have said, but two considerations for the defendant's obligation, the main and important one, as it seems to us, being the stock which he was to receive on payment of the money; the other being the nominal one of a dollar confessed to have been received. The plaintiff having failed to perform, or offer to perform, the obligation resting upon it, before it could become entitled to the money, viz., having failed to tender the stock, and this constituting the substantial consideration for the defendant's obligation, we are of opinion that the case is not a proper one for the application of the doctrine contended for. The dollar received is too insignificant a part of the consideration to make it the basis of a recovery, without a performance of, or offer to perform, the substantial part. And this view is sustained by authority.

In 2 Smith Lead. Cases, by Hare & Wallace, p. 26, it is said, that the cases of *Tompkins* v. *Elliot*, 5 Wend. 496, and *Weaver* v. *Childress*, 3 Stewart, 361, were de-

cided upon the ground that a principal part of the consideration had been received and enjoyed; and in speaking of another case, which we find to be that of *Jones* v. *Marsh*, 22 Vt. 144, it is said, that the court noted the fact that the cases proceed on the ground that a principal part of the consideration had been enjoyed. The case of *Jones* v. *Marsh, supra*, was this: Jones contracted with Marsh for certain cheese at seven cents per pound, to be delivered by the latter to the former at a place and future time specified, and paid him fifty dollars on the contract. Marsh had the cheese ready at the time and place specified for delivery, but Jones did not appear to receive or pay for it, and, after keeping it several days, Marsh sold it for less than seven cents per pound, suffering a loss on it of seventy dollars. In an action by Jones on the contract to recover back his fifty dollars, on the ground that Marsh had not delivered the cheese, it was held that he could not recover. In respect to the point here involved, the court said: "But it is said, that although the promises of the parties are mutual and dependent, yet, inasmuch as part of the consideration has been accepted and enjoyed by the defendant, and the plaintiff has no other remedy than upon the agreement, and inasmuch as the plaintiff's failure to perform his part of the contract can be compensated in damages, the plaintiff should be allowed to recover, without alleging performance of the remainder. And some few authorities are cited by the plaintiff, as sustaining this doctrine. These cases, however, proceed upon the ground, that the *principal* part of the consideration had been received and enjoyed." In the case cited, it will be seen that the defendant had received fifty dollars, while in the case before us he has received but one dollar.

We are of opinion, that a new trial should have been granted.

Before closing this opinion, we notice a point made by the appellee.

It has made a motion to dismiss the appeal, because process was not served in this court upon the Grand Rapids and Indiana Railroad Company. The railroad company named was made a defendant below, as the equitable assignor of the bond sued on, but no judgment of any kind was taken against it. The railroad company was not a proper appellee in this court, and there was, therefore, no need of service of process upon it. But, if it were otherwise, it is not seen how a failure to serve process upon it could be ground of dismissing the appeal. It might be ground of setting aside the submission, as the cause was submitted on default.

There is an informality in the assignment of errors, in this, that the errors are assigned in the name of Clark, as appellant, against the Continental Improvement Company and the Grand Rapids and Indiana Railroad Company, as appellees. If the latter company had been named at all in the assignment of errors, it should have been named as an appellant.

But no objection is made to the assignment of errors; and, in the absence of objection, we think it abundantly sufficient.

The judgment below is reversed, at the costs of the appellee The Continental Improvement Company, and the cause remanded for a new trial.