## BRIGHAM T. PHELPS v. SILAS G. HUBBARD.*

### Contract of Sale. Concurrence of Delivery and Payment.

Plaintiff sold defendant certain tobacco in three lots at three different prices, to be delivered on plaintiff's premises, but to be taken to the railroad depot by plaintiff free of charge. Plaintiff, assisted by defendant, packed two lots of the tobacco, and defendant went away, after directing plaintiff to pack the other lot. The tobacco so packed was forwarded to defendant and duly received, and defendant paid part of the purchase money. Plaintiff packed the third lot as directed and made it ready for delivery on his premises, and requested payment, which defendant refused, insisting that the tobacco was to be delivered at the depot, and paid for there. Plaintiff, in the exercise of reasonable diligence, afterwards sold the third lot for its full value, but for less than defendant had agreed to pay for it. *Held*, that as plaintiff was required only to be ready to deliver the tobacco at the time and

*Decided at the February Term, 1878.

place agreed on, and as he had done that, and as defendant had neither paid nor offered to pay, defendant had broken the contract ; that the contract was entire ; that plaintiff had a right to re-sell the tobacco, and might recover of defendant the difference between the most that he could get on re-sale and the agreed price, and, in addition, the unpaid balance of the agreed price of what was delivered, and that as the cause was referred and the damages sought to be recovered such as might have been recovered on declaration such as the court might have allowed in amendment of a declaration in common counts in assumpsit, plaintiff might recover on such counts.

GENERAL ASSUMPSIT.  The case was referred, and the referee reported the following facts.

In March, 1873, the plaintiff, who resided in Westminster, agreed with the defendant, who resided in Hatfield, Massachusetts, to sell him certain tobacco in three lots, at twelve, twenty, and twenty-five cents per pound ; and the defendant came to the plaintiff's, where the tobacco was, and he and the plaintiff packed the tobacco of the twenty cent and the twenty-five cent lots in boxes, and weighed it.  The defendant then instructed the plaintiff to pack that of the twelve cent lot, of which there were 8,050 pounds, and went home, first telling the plaintiff that he should probably return in a few days to see about it.  The tobacco so packed, which at the agreed prices amounted to $2,850 in value, was forwarded to the defendant by railroad, and duly received.  The defendant immediately paid $2,523 towards the same, leaving $327 due thereon to the plaintiff.  After the delivery of the tobacco of the first two lots, as aforesaid, that of the other lot was packed according to direction, and made ready for delivery on receipt of payment therefor.  Correspondence was then had between the parties, wherein the plaintiff urged the defendant to pay for the remainder, and the defendant refused to pay until the remainder was forwarded.  The defendant claimed that by the contract all of the tobacco was to be delivered at the railroad depot at Westminster, and there paid for when delivered, that that was the reason why he did not pay, and that he could have made more on what was not delivered than he did on what was delivered ; and claimed damage by way of recoupment for the non-delivery of the remainder as aforesaid.  The plaintiff contended that the tobacco was to be delivered where it was when sold.  The defendant did not again come to the plaintiff's, nor give no-

tice of any time when he would receive the rest of the tobacco at the depot, nor provide means for paying for it there when delivered. The referee found that by the contract the tobacco was to be delivered on the premises where it was packed, but that it was understood that after delivery the plaintiff was to make no charge for taking it to the depot, which was near the plaintiff's. The plaintiff was permitted to testify subject to objection that he received $697.18 from Edward Stebbins, for twenty-two cases of the third lot, of which there were in all twenty-three cases, that he did not know what he received for the other case, that that was the best offer he could get, that tobacco had been falling ever since, and that at the time he testified he could not get for the tobacco half what he sold it for. He also testified that he kept the third lot about a year before he sold it. From that testimony the referee found that the plaintiff lost on the third lot, after allowing for the case that he kept, the sum of $217.82, which with interest thereon and $40 for interest lost before the sale, amounted to $310.07. He also found that the plaintiff used reasonable diligence in disposing of the third lot, and received its fair value by the sale to Stebbins. The referee found for the plaintiff to recover the $327, with $78.48 interest thereon, and the further sum of $310.07, if, on the pleadings and the facts reported, the court should be of opinion that he was entitled thereto.

At the March Term, 1877, the court, BARRETT, J., presiding, rendered judgment for the plaintiff for the larger sum, deducting the $40 for interest lost before sale; to which the defendant excepted.

*Kittredge Haskins*, for the defendant.

In no event should the court have rendered judgment for more than the smaller sum—$405.48 including interest. But the contract was entire, and the failure of complete fulfillment was due to the unwarrantable act of the plaintiff. The plaintiff, therefore, should not recover for the tobacco delivered and received. It is fairly deducible from the report, that the defendant was to deliver the tobacco at the depot, and that the defendant was under no obligation to pay until it was so delivered. But if it was to be

delivered on the premises, and the plaintiff was to haul it to the depot free of charge, the defendant was under no obligation to pay anything until it was *all* delivered. Thus, the plaintiff not having performed, can maintain no action. The delivery of *all* the tobacco and the payment of the purchase money were concurrent, and performance or a tender of performance by the plaintiff was a condition precedent to his right of recovery. 1 Chit. Pl. 321, 322; *Stark* v. *Parker*, 2 Pick. 267; *Ketchum* v. *Evertson*, 13 Johns. 359; *Bank of Columbia* v. *Hagner*, 1 Pet. 455; *Jones* v. *Marsh*, 22 Vt. 144.

The amount allowed the plaintiff for what he lost on the subsequent sale is for damages sustained on account of a breach of a special contract, and is not recoverable under the common counts. 1 Chit. Pl. 340; Stephen Pl. 318; *Cutter* v. *Powell*, 2 Sm. Lead. Cas. note 35; *Chesapeake & Ohio Canal Co.* v. *Knapp*, 9 Pet. 541; *Way* v. *Wakefield*, 7 Vt. 223; *Steamboat Co.* v. *Wilkins*, 8 Vt. 54; *Ketchum* v. *Evertson, supra;* *Mattocks* v. *Lyman*, 16 Vt. 113; *Jones* v. *Marsh, supra;* *Hemenway* v. *Smith*, 28 Vt. 701; *Allen* v. *Thrall*, 36 Vt. 711; *Curtis* v. *Smith*, 48 Vt. 116.

It makes no difference in this case that the cause was referred. The plaintiff would not have been allowed to file a new declaration counting on the special contract and demanding damages for loss sustained on the re-sale of the third lot of tobacco. Such a declaration would be a demand for other and more damages. It would be for a *new cause.* *Bowman* v. *Stowell*, 21 Vt. 309; *Dana* v. *McClure*, 39 Vt. 197; *Lewis* v. *Locke*, 41 Vt. 11; *Dewey* v. *Nicholas*, 44 Vt. 24.

*Davenport & Eddy*, for the plaintiff.

No question can be made as to plaintiff's right to recover the unpaid balance for the tobacco delivered and received. The plaintiff fully performed. Defendant neglected and refused to perform without reasonable excuse. The plaintiff has suffered damage thereby to the amount of $270.07, which the County Court held recoverable. There was such a delivery and acceptance as took the case out of the Statute of Frauds. The title vested. Plaintiff had the right to re-sell after defendant's refusal

to perform, and may hold the defendant responsible for the loss. Chit. Cont. 431 ; 2 Parsons Cont. 484 ; *Jones* v. *Marsh*, 22 Vt. 144.

A special declaration was not necessary to recover for the loss on the third lot. When a cause is referred, the controversy and all that pertains to it—all that by any proper amendment could be brought into it—is referred. The cause is to be tried on its merits, without regard to the form of the declaration or the precise issues raised on the pleadings. *Laport* v. *Bacon*, 48 Vt. 176.

The referee did not err in permitting the plaintiff to testify to what pertained to the re-sale of the tobacco. But whether he did or not, there is nothing in the exceptions to bring the objection here for revision. *Johnson* v. *Dexter*, 37 Vt. 641 ; *Graham* v. *Stiles*, 38 Vt. 578.

The opinion of the court was delivered by

DUNTON, J. We do not see how the plaintiff's right to recover the balance due for the two lots of tobacco forwarded to the defendant by railroad and received by him, can be questioned, upon the finding of the referee that the plaintiff had performed the contract upon his part as to all the tobacco in question.

The referee finds that the third lot of tobacco was packed according to the directions of the defendant, and ready for delivery upon the premises, where it was agreed that the same should be delivered to the defendant; but that the defendant never paid, or offered to pay, for the same, and refused to pay the balance due on the first two lots of tobacco until the last lot should be forwarded to him by the plaintiff.

The plaintiff had the right, under the contract as found by the referee, to retain the possession of the last lot of tobacco until it was paid for. In such cases a vendor can never be compelled to part with his property without payment, nor the vendee to pay for the same without receiving it. The payment for and receipt of the property are contemporaneous acts, and the rights of the parties in this respect are reciprocal.

All that is required of a vendor in a case like the one at bar, is to be present with the property at the time and place agreed

upon, ready to deliver the same to the vendee upon the payment by him of the agreed price. This the plaintiff did, but the defendant failed to pay for and take the tobacco, and thereby broke the contract between himself and the plaintiff; and the contract for the three lots of tobacco being entire, and the two first lots having been delivered and partly paid for, was valid and binding, and therefore the defendant subjected himself to the liability of being compelled to respond in damages for such breach. After keeping the tobacco a reasonable time for the defendant, and his refusal to take the same, the plaintiff had a right to sell it for the most he could get, and to call upon the defendant to pay him the difference between what he got for the tobacco and the contract price, such difference being the measure of damages in this case. Chit. Cont. 431; Parsons Cont. 484; *Jones* v. *Marsh*, 22 Vt. 144. This the case finds that the plaintiff did.

The remaining question is, whether the plaintiff is entitled to recover these damages under the common counts. Had the case not been referred, this objection might, perhaps, be one of some difficulty for the plaintiff to overcome, but it has been held by repeated decisions in this State, as is so well stated in Roberts's Digest, page 600, that "where a pending action is referred by agreement of parties under a rule of court, though the rule be that the case be heard and decided according to law, it is the cause of action which is referred, and not the particular form of the declaration or any particular issue formed; and the referee is not bound thereby, but may try the case upon its merits and award upon the subject-matter embraced in the submission; and judgment will be entered upon the report whenever, without changing the nature of the action, the declarations or pleadings could be so amended as to accommodate them to the facts found by the referee." The contract for the sale of the three lots of tobacco being an entire contract, as before stated, and this suit being brought to recover pay for the tobacco sold under and by virtue of such contract, we think the declaration was clearly amendable, and that the court had the authority to allow the plaintiff to file an additional count, declaring specially upon the contract in question, and alleging the breaches thereof proved on

the trial before the referee. *Haskins* v. *Ferris*, 23 Vt. 673; *Waterman* v. *Connecticut & Passumpsic Rivers Railroad Co.* 30 Vt. 610; *Boyd* v. *Bartlett*, 36 Vt. 9.

*Judgment affirmed.*