## S. D. GRIST v. CHARLES H. WILLIAMS.

*Sale—Vendor and Vendee—Agency—Evidence—Contract, Rescission of—Statute of Limitations.*

1. If a vendee refuses to receive and pay for goods delivered him in pursuance of a contract, the vendor has the right either to rescind the contract or resell the goods and recover from the vendee the difference in price. Such resale is not *per se* evidence of the rescission of the contract, the vendor being regarded, *quoad hoc,* as the agent of the vendee.

2. The fact that a non-resident debtor has property within the State will not affect section 162 of *The Code*, which suspends the operation of the statute of limitations for the period during which the person, against whom the demand is made, is out of the State.

CIVIL ACTION, tried before *Brown, J.,* at Fall Term, 1891, of BEAUFORT Superior Court, on appeal from the judgment of a Justice of the Peace.

The plaintiff alleged that he had contracted to sell and deliver his potato crop in 1887 to defendant, and that defendant agreed to pay him $2.25 per barrel, delivered in Wash-

ington, North Carolina, in good condition; that there were seventy-three barrels delivered, according to contract, to defendant, and in good condition, and that the defendant had paid $22.86 thereon and had failed to pay remainder. The defendant admitted entering into a contract, as alleged by plaintiff, except that it was part of said contract that potatoes were to be delivered in good condition, and if they arrived in Norfolk sunburnt, the defendant was not to take them, and that said potatoes were not delivered in good condition, and were sunburnt.

The parties introduced testimony tending to prove their respective contentions. Immediately after receiving the potatoes the defendant sent to plaintiff the following telegram:

"Potatoes here, and in bad order; sunburnt. We cannot receive them. Wire us when and where to ship for your account. Answer by wire immediately."

To which one Brown, agent of plaintiff, replied—

"Dispose of Grist potatoes to best advantage. Hold proceeds for me."

Thereupon, defendant disposed of potatoes and remitted the proceeds to plaintiff, who testified that he received the amount on account. In 1891 the plaintiff brought suit to recover the difference between the contract price and the amount so remitted, he being, in the meanwhile, a resident of North Carolina, and the defendant a resident of Virginia, though owning property in the former State.

There was a verdict and judgment for the plaintiff, and defendant appealed.

*Mr. C. F. Warren*, for plaintiff.
*Mr. J. H. Small*, for defendant.

SHEPHERD, J.: According to the findings of the jury the plaintiff complied in every respect with the terms of the contract of sale and the potatoes were duly shipped to the defendant. Upon their arrival in the city of Norfolk, Virginia, the point of destination, the defendant wrongfully refused to receive them, telegraphing to the plaintiff, "We cannot receive them; wire us when and where to ship for your account. Answer by wire immediately." It is well settled that, under such circumstances, the vendor had a right, either to rescind the contract or resell the potatoes and hold the vendee responsible for the difference in price. It is also well established that such a resale by the vendor "is not *per se* evidence of a rescinding of the contract." *Hurlburt* v. *Simpson*, 3 *Ired.*, 233. When the vendor makes such a resale he is considered as acting as the agent of the vendee (1 Benjamin Sales, 1077, note) and as he has a right to act as such agent for that purpose, we are unable to see why, in this case (considering the perishable nature of the article, the necessity for immediate action and the intervening distance) the vendor could not direct the vendee to make the sale without necessarily rescinding the contract. In the absence of any further testimony as to what actually transpired between the parties we cannot, merely upon this correspondence, reverse the finding of the jury that the contract was not rescinded.

The exception addressed to the ruling of the Court excluding the testimony as to the indebtedness of several other parties in Washington, N. C., to the defendant, cannot be sustained. The testimony could not have affected the suspension of the statute of limitations under *The Code*, § 162, as the fact of the possession of property in the State by a non-resident does not put the statute in force so as to bar his personal liability. The real facts respecting the alleged rescission, being evidenced by the correspondence, and not being disputed, the testimony offered was not relevant for any other

purpose than to show that the statute was suspended by reason of the non-residence of the defendant. If admitted for any other purpose, without objection, the defendant had no legal right to introduce evidence in its rebuttal.

In looking over the record we can find no error, and the judgment must, therefore, be

Affirmed.