## FRANK E. PUTNAM *vs.* CHARLES J. GLIDDEN.

Middlesex.   January 13, 16, 1893. — May 16, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Implied Contract — Burden of Proof — Rights of Vendor and Vendee — Election — Right to Maintain Second Suit.*

Where the vendee contends that the property is not his, and treats it as belonging to the vendor, and the vendor elects to keep it for the vendee and sue for the entire contract price, he cannot maintain a second suit for the expense of keeping the property, either during the whole time while the litigation was pending, or for that part of it which would have been required to enable him properly to dispose of the property if he had chosen to sell it on the defendant's account, and, after applying the proceeds, to sue for the balance due him.

CONTRACT to recover for the keeping, care, etc. of one pair of horses, from June 16, 1890, to October 17, 1891. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

On June 16, 1890, the plaintiff, who was then the owner of the horses, had negotiations with the defendant in relation to a sale of them, by which they were delivered by the plaintiff at the defendant's stable in Lowell.

The plaintiff contended that the negotiations so made, and the delivery, amounted to an absolute sale.

The defendant contended that the sale was subject to the approval of his veterinary surgeon, who was to examine the horses and report whether or not they were sound.

On June 17 the defendant returned the horses to the plaintiff's stable, contending that his veterinary surgeon reported one of the horses to be unsound, and that he had a right to return them under the contract. The plaintiff on the next day delivered to the defendant the following notice in writing:

" You are hereby notified that the pair of horses sold by me to you on Monday, the 16th day of June current, and on that day delivered to you, for the sum of eight hundred dollars, and which were returned by you to my stable on Tuesday, the 17th day of June current, are still at my stable, but as your property and not as my own; that said horses are subject to your order and control; that any expense I am at in keeping said horses and for medical attendance on one of them on account of an injury received by it after they were delivered to you and while in your possession, I shall charge to you and seek to recover the same of you in addition to the agreed price of eight hundred dollars.

" You are further requested to remove said horses from my premises, and are hereby notified that the same are at my stable at your risk, and that I shall not be responsible for any accident or injury to them."

The plaintiff brought an action of contract against the defendant for the purchase price of the horses under the sale referred to, on June 21, 1890, and the cause came to trial in the Superior Court for the County of Middlesex, at the September term, 1891,

when a verdict and judgment were rendered for the plaintiff for the contract price, and the defendant paid the amount of said judgment and costs; and on said October 17 the defendant called for the horses at the plaintiff's stable, and the plaintiff delivered them to the defendant.

The action above mentioned was solely to recover the contract price, and during the time the plaintiff kept the horses they were not used by him.

If upon the above facts the plaintiff was entitled to recover for keeping the horses during the above mentioned period, then judgment was to be entered for the sum of five hundred and thirty-two dollars. If the plaintiff was entitled to recover for the care and keeping during such time only as would enable the plaintiff to resell the horses to advantage, then it was agreed that twenty-one days from and after June 17, 1890, would give the plaintiff a reasonable time in which to make the sale, and judgment was to be entered for the sum of thirty-five dollars; otherwise, judgment was to be entered for the defendant.

*J. C. Burke*, for the defendant.

*F. W. Qua*, for the plaintiff.

KNOWLTON, J. On the agreed statement of facts in this case the question is whether the law implies a contract on the part of the defendant to pay for the keeping of the horses. The burden of proof is on the plaintiff, and no inferences of fact can be drawn in his favor. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536.

It has been said that, when a vendee returns or declines to receive property sold him, the vendor has his choice " of either one of three methods to indemnify himself: (1.) He may store or retain the property for the vendee, and sue him for the entire purchase price; (2.) He may sell the property, acting as the agent for this purpose of the vendee, and recover the difference between the contract price and the price obtained on such resale; or (3.) He may keep the property as his own, and recover the difference between the market price at the time and place of delivery, and the contract price." *Dustan* v. *McAndrew*, 44 N. Y. 72, 78. *Haines* v. *Tucker*, 50 N. H. 307. *Girard* v. *Taggart*, 5 S. & R. 19. *Rosenbaums* v. *Weeden*, 18 Gratt. 785. *Holland*

v. *Rea*, 48 Mich. 218, 224.   *Cook* v. *Brandeis*, 3 Met. (Ky.) 555.
*Bagley* v. *Findlay*, 82 Ill. 524.

Where the vendee contends that the property is not his, and
treats it as belonging to the vendor, and the vendor elects to
keep it for the vendee and sue for the entire contract price, there
is no implied contract on the part of the vendee to pay the
vendor the expense of keeping it.   *Whiting* v. *Sullivan*, 7 Mass.
107.   *Earle* v. *Coburn*, 130 Mass. 596.   In such cases, when
there is a controversy about the title, the election of the vendor
to take care of the property is often more for his own benefit,
in view of the risk that the main question in dispute may be
decided against him, than for the benefit of the vendee, and the
attitude of the vendee is equivalent to an express prohibition of
the keeping on his account and at his expense.   If the vendor
wishes to avoid the expense of keeping, and at the same time to
avail himself of the value of the property, he may sell under an
implied agency for the vendee, and sue for the balance above
what he obtains after paying the reasonable expenses.

In the present case the plaintiff elected to sue for the entire
contract price, and, in the opinion of a majority of the court,
there is no principle of law which permits him now to maintain
a second suit for the expense of keeping the horses, either during
the whole time while the litigation was pending, or for that part
of it which would have been required to enable him properly to
dispose of the horses, if he had chosen to sell them on the
defendant's account, and, after applying the proceeds, to sue for
the balance due him.

*Judgment for the defendant.*