J. R. VOLIVAR v. RICHMOND CEDAR WORKS.

(Filed 25 February, 1910.)

1. **Limitation of Actions—Suspension—Nonresident Defendants— Property—Agent.**

   Revisal, sec. 366, suspending the running of the statute as to nonresident defendants, applies notwithstanding the fact that defendant has property within the State and an agent therein duly appointed, upon whom process could have been served.

2. **Limitation of Actions—Nonresident Defendant—Suspension— Corporations.**

   Revisal, sec. 366, suspending the running of the statute as to nonresident defendants, applies to nonresident corporations.

APPEAL by defendant from *Ward, J.,* at Fall Term, 1909, of TYRRELL.

The facts are sufficiently stated in the opinion of the Court.

*Aydlett & Ehringhaus* for plaintiff.
*W. M. Bond, W. W. Starke* and *Shepherd & Shepherd* for defendant.

CLARK, C. J. Action for damages against a nonresident corporation. More than three years elapsed after the damage was committed before this action was begun. The defendant contends that Revisal, sec. 366, suspending the running of the statute as to nonresident defendants, does not apply: (1) Because it owns property in this State. This has been decided against the defendant. *Grist v. Williams,* 111 N. C., 53. (2) Because, in accordance with our statute, the defendant had a duly appointed agent in this State, upon whom process could have been served. This contention has also been held adversely to the defendant. *Williams v. B. and L. Assn.,* 131 N. C., 267; *Green v. Ins. Co.,* 139 N. C., 309; *Williams v. R. R.,* 64 L. R. A., 794, and cases there cited. In *Green v. Ins. Co.,* 139 N. C., 310, this Court, speaking of this contention, said: "That service can thus be had upon a nonresident corporation may be a reason why the General Assembly should amend Code sec. 162 (now Revisal, sec. 366), so as to set the statute running in such cases; *but it has not done so,* and the courts cannot."

Ownership of property in this State does not make a nonresident corporation or individual a resident of this State, neither does the appointment of a local agent upon whom process can be served have that effect.

That the suspension of the statute applies to nonresident corporations as well as individuals was held in *Alpha Mills v. Engine Co.,* 116 N. C., 797; *Grist v. Williams,* 111 N. C., 53; *Green v. Ins. Co.,* 139 N. C., 310.

No error.