Okada & Co. v. Marques Hermanos.

# OKADA & COMPANY, LIMITED, Plff.,

*v.*

# MARQUES HERMANOS, a Copartnership, etc., Dfts.

San Juan, Law, No. 1441.

RESALE OF RICE.

Partnership—Sucesión.

1. In the Federal court it is necessary to allege the **residence** of the individual partners. The sucesión may be a partner.

Resale—Net Proceeds.

2. The seller has the right to resell goods which are rejected and credit the vendee with the net proceeds, but not to include as expense anything caused by his own delay.

Contract—Undisclosed Principal.

3. An undisclosed principal may take advantage of his **agent's** contract, and sue in his own name.

Pleading—Allegation that Price is Due.

4. At common law it must be alleged that the price **sued for** is due, but if a vendee rejects goods under a valid **contract on** specified terms, everything else will be presumed.

Opinion filed January 28, **1921.**

*Messrs. Travieso & Kelley* for demurrer.

*Messrs. Frazer & Gammons* opposed.

HAMILTON, Judge, delivered the following opinion:

NOTE.—As to whether a partnership may sue or be sued in the firm name, see note in 29 L.R.A.(N.S.) 282.

On character of contract as affecting right of undisclosed principal to sue thereon, see notes in 29 L.R.A.(N.S.) 472, 39 L.R.A.(N.S.) 324.

Okada & Co. v. Marques Hermanos.

The argument has gone somewhat outside of the terms of the demurrer, but these are all that are before the court.

1. The defendants constitute a partnership. Under the Federal practice a partnership, or all the individuals constituting the partnership, may be sued. In the case at bar the defendants seem to be sued as a partnership. The contract sued on is with them as such partnership. Nevertheless, for jurisdictional purposes, it is necessary to know the residences of the individuals, and this is fully alleged. Santana v. Marques, 2 Porto Rico Fed. Rep. 271; Torres v. Rubert y Catala, 6 Porto Rico, Fed. Rep. 551. This copartnership is said to be made up of an individual and a "sucesión." If this be so, there is no other way of stating the partnership than the way pursued. That a "sucesión" can be sued as such need not be decided. It is not sued as such in the case at bar, but as a member of a partnership. A "sucesión" has some elements of unity, and if it goes into the partnership, it cannot be permitted to claim that it is not liable as a partner. The practice in Porto Rico is not altogether that of the common law as set out in Spaulding Mfg. Co. v. Godbold, 29 L.R.A.(N.S.) 282.

2. It is set up that the jurisdiction of $3,000 is not shown because it is in part made up of the expense of storage and the like. Putnam v. Glidden, 159 Mass. 47, 38 Am. St. Rep. 394, 34 N. E. 81; Tripp v. Forsaith Mach. Co. 69 N. H. 233, 45 Atl. 746. The law of resale is not altogether clear in England, but it has been settled in America that the seller, if the goods are unlawfully refused, may resell and charge the defendant with the difference between the agreed price and the price obtained on resale. Dustan v. McAndrew, 44 N. Y. 72–78. This means the net price, that is to say, from the gross proceeds

Okada & Co. v. Marques Hermanos.

of the resale may be deducted necessary storage, transportation, auctioneer, and other expenses, but not anything that is caused by the delay of the vendor himself in making the resale. Benjamin, Sales, 7th ed. 826. Civil Code of Porto Rico, § 1074; Pollen v. LeRoy, 30 N. Y. 549.

3. An undisclosed principal may take advantage of a contract of an agent, and sue in his own name. This is general mercantile law, and is implied in the Code of Civil Procedure of Porto Rico, § 51.

4. The last ground of the demurrer is general and need not be considered. It is argued that the complaint does not state the price is due. This was a necessary averment under the forms at common law, but it is not necessary in a case like the one at bar where it is alleged the defendant refused to accept the rice under a valid contract. There is nothing to show that any time was given and if any was agreed on any averment to this affect is waived by the refusal to accept the rice on any terms. It put the whole contract at an end.

The demurrer is therefore overruled and it is so ordered.