## ALLEN v. FOGG.

1. **Mortgage**: DEED ON FACE: BURDEN OF PROOF. One who claims that a deed absolute on its face was given only to secure a loan, and not to consummate an actual sale, must establish that fact by a preponderance of the evidence.

2. **Usury**: NOT PURGED BY CHANGE OF CONTRACT. A usurious contract cannot be purged of the usury by renewals, or by any other change in the form of the contract.

*Appeal from Union Circuit Court.*

TUESDAY, JUNE 2.

The plaintiff, by the proceedings in this case, claims that on the twenty-sixth day of October, 1877, he was the owner of a house and lot in the city of Creston, and that on that day he borrowed of the defendant the sum of $600, and, to secure the payment of said sum, he conveyed said house and lot to the defendant by a general warranty deed, and that on the same day the defendant executed to the plaintiff a contract in writing, by which he bound himself to reconvey the property to the plaintiff upon repayment of said loan and interest. He claims that the interest received was grossly usurious, amounting to 30 per cent per annum, and that he has paid more than the principal sum borrowed, and he demands a reconveyance of the property to him. The defendant claims that the transaction was not a mere loan

of money, but was a valid purchase and resale of the property, and that plaintiff has failed to pay the amount required by the contract, and is not entitled to any relief. There was a trial by the court, and a decree for the plaintiff. Defendant appeals.

*Wilson & Laybourn*, for appellant.

*James G. Bull*, for appellee.

ROTHROCK, J.—There is no question of law in the case. The rights of the parties are required to be determined upon the question whether the transaction between them was in the nature of a loan and a mortgage, or whether it was an actual sale of the property from the plaintiff to the defendant. The burden was on the plaintiff to show that the deed was intended as a mortgage. In our opinion the plaintiff sustained the allegations of his pleadings by full and satisfactory proof. It is true, there is no marked preponderance of oral testimony in his favor. But the acts of the parties, the possession of the property, and other circumstances, taken in connection with the oral evidence, very clearly indicate that the claim made by plaintiff is well founded. There is no doubt that the interest contracted to be paid was usurious, and that plaintiff has paid more than the principal sum loaned. In answer to the claim made by defendant, by reason of the surrender of the original contract and the substitution of a new one, it is enough to say that it is well settled that a usurious contract cannot be purged of the usury by renewals, or by any other change in the form of the contract. The decree of the circuit court will be

AFFIRMED.