F. S. FAISON v. C. W. GRANDY & SONS.

(Decided June 7, 1900.)

*Usury—The Code, Section 3835.*

A note tainted with usury retains the taint in the hands of a subsequent holder. The forfeiture of interest is the decree of the law.

CIVIL ACTION for an account of dealings between the parties, pending in NORTHAMPTON Superior Court, and heard by consent, by *Brown, J.,* at Chambers, August 19, 1898, upon exceptions filed by plaintiff to report of referee, relating to the defense of usury set up against amount found due the defendant.

The defendant had succeeded to claims, as assignee, to the amount of $14,421.74, against the plaintiff, who insisted, and referee so found, that there was really due upon the claims (drafts and note), only the sum of $13,782.81—in the hands of an antecedent holder—the difference of $638.93 being made up of improper charges, acquiesced in by plaintiff, and held valid against the plaintiff by the referee, in favor of defendant. The finding was confirmed by his Honor, plaintiff excepted.

The finding and arguments established that the *"improper charges"* consisted of interest in excess of legal rates.

From the judgment rendered, plaintiff appealed.

*Messrs. R. B. Peebles,* and *McRae & Day,* for appellant.

*Messrs. T. N. Hill, R. O. Burton,* and *Pruden & Pruden,* for appellees.

FAIRCLOTH, C. J.   The transactions out of which this litigation comes originated in 1872, when the plaintiff borrowed

money from Arps, and secured its payment, and said claim became the property of The Farmers Loan and Trust Company, in 1873, with an agreement to advance money and supplies to the plaintiff. In 1881 the Trust Company transferred its claim to Ann D. Grandy and William Selden, and in 1885 and 1893, the latter-named parties transferred their claims to the defendant Grandy & Sons, they paying the face value of the same.    During these transactions numerous payments, advances and charges were made, and on March 16, 1893, the plaintiff instituted this action against defendants for an account of his aforesaid dealings with Grandy & Sons. There was a reference, and the referee, by consent, was to pass on the issues raised by the plea of usury, and report his findings and rulings on the same, with his account.

In his report (XIV), the referee finds that in March, 1876, the books of the Trust Company showed that the plaintiff was due $14,421.74, for advances, supplies, money and interest at 9 per cent, "but in fact the said Faison only owed the said company $13,782.81, the difference being made up of improper charges, and the amount advanced to pay said Arp's debt being charged at more than was advanced."    The difference being on March 2, 1876, $638.93.    The final judgment appealed from in favor of defendants was $12,234.58, with interest from August 1, 1897, and that the plaintiff is the owner in fee of the lands described in the pleadings, subject to the aforesaid lien of defendants.    The referee finds (XIV) that in March, 1876, there was a controversy between the plaintiff and the Trust Company as to the true amount due the company, he claiming that he was charged too much, and after a futile attempt to arbitrate, the plaintiff agreed to pay the said sum of $14,421.74 for the purpose of getting the defendants " to protect him in the payment of said amount found to be due."

The referee also finds that the defendants, Grandy & Sons, knew of this controversy, and of the settlement and agreement finally reached, and that the defendants had no interest in the amount due by the plaintiff to the Trust Company. His Honor approved the findings of facts as reported by the referee.    One of the plaintiff's exceptions is that several facts are found without any evidence to support them. This exception required a close examination of much of the evidence, and after making the examination, we are unable to sustain the exception, and say there was no evidence in support of the fact found.

The referee fails to find *in terms* (XIV) whether the difference between the amount due and the amount claimed and received by the Trust Company was usury, but calls it "improper charges," and an amount paid Arp more than was advanced.    From the issue of usury raised in the pleadings, the findings of the referee and the arguments by brief, we are driven to the conclusion that said difference of $638.93 was an usurious charge.    The amount paid Arp and the Trust Company over the amounts in fact due are unexplained, except as a usurious charge, growing out of the necessitous situation of the plaintiff.

His Honor adjudged that under the facts found, the plaintiff is precluded from setting up the plea of usury as against said $10,000 note.    In this conclusion he was in error.    Prior to our statute in The Code, 3835, and repeated in the Act of 1895, chap. 69, a usurious contract worked a forfeiture of both the interest and the debt, and it was stated in *Coor v. Spicer,* 65 N. C., 401, that under the operation of such a statute, innocent and meritorious holders were obliged to suffer, and so all the authorities agree.    Our statutes at present declare that taking, receiving, reserving or charging an illegal rate of interest shall be deemed a forfeiture of the entire

interest of the debt, and the Act of 1895, chap. 69, expressly allows the party charged with usurious interest, to plead the fact as a counterclaim. The forfeiture now is the interest only, whereas before 1876 the forfeiture was the interest and the debt, because the contract was void. The forfeiture of interest is the declaration of the law, and it accompanies the debt into whosever hands it may come. The injured party is not estopped or precluded from making his plea, by reason of any agreement made under the stress of bad weather, because the law-making power hath declared otherwise on the subject of charging interest. The forfeiture is the decree of the law. This question has been considered and decided heretofore in the following cases, where the reasons and authorities are collected: *Ward v. Sugg,* 113 N. C., 489; *Bank v. McNair,* 116 N. C., 550; *Smith v. B. and L. Association,* 119 N. C., 249.

The plaintiff is entitled to be credited with the difference in the matters between the plaintiff and the Trust Company, as shown in the referee's report, with interest thereon. In all other respects the judgment is affirmed. As the case is retained for further directions, no judgment will be entered in this Court.

Error.