J. E. ERVIN v. FIRST NATIONAL BANK OF LENOIR.

(Filed 4 December, 1912.)

1. Usury—Renewal Notes—Interest Charged—Principal—Credits—Interpretation of Statutes.

The character of an instrument tainted with usury is not changed by renewals; and interest on the original note being forfeited by the illegal rate charged, any payment of money as interest made on the renewals should be credited upon the principal sum of the debt, which, under such circumstances, amounts to the loan of money without interest.

2. Usury—Interest Charged—Forfeiture—Interpretation of Statutes.

The full amount of the interest charged on an usurious instrument is forfeited under our statute, and not the difference between the usurious and the legal rate.

3. Usury — Interest Charged — Forfeiture — Pleadings—Appeal and Error.

It appearing from the referee's report, in this case, that a certain item of interest arising under an usurious contract was charged at the legal rate, and that no claim was made otherwise in the pleadings, it was error for the trial judge to overrule the referee, and to deduct double the amount of this item from the principal sum of the debt.

APPEAL by plaintiff from *Lyon, J.,* at August Term, 1912, of CALDWELL.

This is an action against the First National Bank of Lenoir, to recover usury alleged to have been paid, and to ascertain the amount due from the plaintiff to the defendant, or from the defendant to the plaintiff.

The defendant denied that it had charged or received usury, and demanded judgment for the balance alleged to be due it.

The allegation in the complaint as to payments made by the plaintiff is as follows:

"5. That from the time that plaintiff began to pay 8 per cent interest in 1907, or from 1 January, 1908, to 11 November, 1910, he paid the defendant the sum of $684, the same being usurious, unlawful, and forbidden by law, and plaintiff avers that he is entitled to recover the said sum of $684 so paid to the defendant at the rate of 8 per cent, and in addition thereto the sum of $1,368, being double the interest charged plaintiff, which plaintiff avers he is entitled to recover by way of penalty, and the additional sum of $1,005 which plaintiff paid defendant, subject to the deduction of $2,985 which plaintiff borrowed of defendant, which would leave due plaintiff $72."

By consent, all issues raised were referred under The Code, and the following is the report of the referee:

"1st. That commencing in the year 1907 and continuing up to about 6 September, 1911, plaintiff was doing his banking business with defendant, making deposits with and procuring loans from defendant bank as the exigencies of his business permitted and required.

"2d. That on 1 January, 1908, plaintiff owed the defendant the sum of $2,985 for money loaned, which loan was evidenced by the note of plaintiff for said sum. That the defendant has carried this loan since said date, but required the plaintiff to renew the evidence of said indebtedness from time to time by executing new note therefor and paying the interest thereon at the rate of 8 per cent, the interest being paid in advance at the time the plaintiff delivered his note to defendant renewing said indebtedness.

"3d. The summons in this action was issued and served on 2 November, 1911.

"4th. That on the dates given below, plaintiff renewed his indebtedness of $2,985 to defendant and paid interest thereon in advance at a rate greater than 6 per cent, to wit, 8 per cent, on

three of said payments, and a little more than 7 per cent on the other payment. The following are the dates and amounts of said payments, to wit:

| | |
|---|---|
| November 18, 1909.....................$ 53.61 |
| February 22, 1910 ..................... 59.70 |
| May 28, 1910........................ 59.70 |
| August 29, 1910 ..................... 59.70 |
| Total.........................$232.71 |

"This sum was knowingly charged and received by the defendant for the loan of $2,985 from 11 November, 1909, to 11 November, 1910.

"5th. That on 29 August, 1910, plaintiff executed and delivered to defendant a note, bearing date of 11 August, 1910, and due 11 November, 1910, renewing his said indebtedness of $2,985, and on said 29 August, 1910, the defendant knowingly charged and received interest at the rate of 8 per cent on said debt to the maturity of said note, which sum is charged above. That said note drew 6 per cent after maturity. That plaintiff failed to pay or renew said note at maturity; and said note is still held by the defendant. That on 6 September, 1911, plaintiff caused to be paid and defendant knowingly charged and received the sum of $146.75 and credited same as interest on said note from 11 November, 1910, to 6 September, 1911. That this sum represents 6 per cent interest on said note from said time.

"6th. That the amount knowingly charged and received by defendant on said loan of $2,985 from 11 November, 1909, to 6 September, 1911, as interest, is the sum of the items in my finding of facts Nos. 4 and 5, above, to wit, $232.71 and $146.75, making a total amount of interest knowingly charged and received on said debt for one year nine months and twenty-five days of $379.46, which is $53.60 more than the legal rate of 6 per cent.

"7th. That from 2 November, 1908, to 1 November, 1909, defendant knowingly charged and received interest on said loan at the rate of 8 per cent, making a total amount of $238.80 for said time.

"8th. That on 6 September, 1911, plaintiff caused to be paid and defendant received and credited on the principal of said note the sum of $858.25.

"Conclusions of law:

"1st. That the burden is on the plaintiff to establish his contentions by the greater weight of evidence, and to show that his cause of action, if any, is not barred by the statute of limitations, and I have applied this rule of law in finding facts.

"2d. From facts found in the second, third, and seventh finding of facts, above, I conclude as a matter of law that defendant knowingly charged and received from plaintiff usury to the amount of $238.80 up to 1 November, 1909, but that the statute of limitations, as contained in subsection 2 of section 396 of the Revisal of 1905, applies to this item of charge, and that plaintiff's cause of action, therefore, is barred and plaintiff is not entitled to recover.

"3d. From the facts found in the third and fourth finding of fact, I conclude as a matter of law that defendant knowingly charged and received from the plaintiff usury to the amount of $232.71, and that plaintiff is entitled to recover in this action double said sum of $232.71, to wit, the sum of $465.42.

"4th. From the facts found in the third, fifth, and sixth findings of fact, above, I conclude as a matter of law that the defendant knowingly charged and received from plaintiff usury to the amount of $146.75, and that plaintiff is entitled to recover in this action double said usurious charge of $146.75, to wit, the sum of $293.50.

"5th. From facts found in the third, fourth, and fifth findings of fact, above, I conclude as a matter of law that all unpaid interest on said note is forfeited and no interest can be charged or collected thereon.

"6th. From facts found in the finding of fact, above, I conclude that plaintiff is entitled to a credit of $858.25 on this indebtedness to defendant as of 6 September, 1911.

"7th. That upon the facts found in fourth, fifth, and sixth findings of fact, plaintiff is entitled to a credit of $785.92, being the penalty adjudged against the defendant in my third and fourth conclusions of law above.

"8th. From the facts found in the fifth finding of fact above, I conclude as a matter of law that the defendant is entitled to judgment against the plaintiff on the note alleged in its further defense for the sum of $1,367.83, this being the balance due after allowing all credits and penalties, with interest after final judgment is entered, and for costs of this action, to be taxed by the clerk, except allowance to referee and stenographer, which should be paid one-half by plaintiff and one-half by the defendant."

The defendant filed several exceptions to the report, but all depend on the first, which is:

"1st. The referee erred in his sixth finding of fact in adding the sum of $146.75 to the sum of $232.71, for that the said payment of $146.75 was the payment of the legal interest due on the note referred to and as shown in the said referee's fifth finding of fact. That said payment of $146.75 is a separate transaction, represents the amount of the legal interest on said note, and is untainted with usury."

The referee credited the note for $2,985 with $758.92 (this being twice the items paid of $232.71 and $146.75) and with the payment of $858.25, making a total of credits of $1,617.17, and recommended that judgment be entered in favor of the defendant for the difference, $1,367.83.

His Honor sustained the first exception, and eliminated the item of $146.75 from the credits, and thereby increased the amount found to be due by the referee, $293.50 (being twice $146.75), and making the total for which judgment was rendered $1,661.33, and the plaintiff excepted and appealed.

*W. B. Councill and Lawrence Wakefield for plaintiff.*
*Mark Squires for defendant.*

ALLEN, J. No question is raised by this appeal except as to the effect of the payment of $146.75, and as to that there is no allegation of usury, nor is there any demand in the complaint for the recovery of double this amount, the penalty prescribed by statute for receiving usurious interest.

In the complaint, the plaintiff charges that, from 1 January, 1908, to 11 November, 1910, he paid $684, "the same being usu-

rious, unlawful, and forbidden by law," and he demands that he be credited with double that amount, and this is the only allegation of usurious payments.

The item of $146.75 cannot be a part of the sum of $684, because it was paid on 6 September, 1911.

Again, he alleges that in addition to the credit of twice the sum of $684, usurious interest, he is entitled to be credited with $1,005, "which plaintiff paid defendant," without any allegation that illegal interest was included in the payment, and this amount is made up of $858.25 and $146.75, both paid on 6 September, 1911.

It follows, therefore, that as the plaintiff has not alleged that the payment of $146.75 was usurious, and has not brought this action to recover the penalty for receiving the same, he is not entitled to be credited with double that amount.

We are, however, of the opinion that he is entitled to have the payment credited on the principal sum due by him, as he demands in his complaint.

Commenting on the section of the National Banking Act dealing with usury, which in this respect is almost identical with our statute, the Supreme Court of the United States says, in *Brown v. Bank,* 169 U. S., 416: "The forfeiture declared by the statute is not waived or avoided by giving a separate note for the interest, or by giving a renewal note in which is included the usurious interest. No matter how many renewals may have been made, if the bank has charged a greater rate of interest than the law allows, it must, if the forfeiture clause of the statute be relied on, and the matter is thus brought to the attention of the court, lose the entire interest which the note carries or which has been agreed to be paid. By no other construction of the statute can effect be given to the clause forfeiting the entire interest which the note, bill, or other evidence of debt carries, or which was agreed to be paid, but which has not been actually paid."

The same Court says, in *Haseltine v. Bank,* 183 U. S., 130: "Two separate and distinct classes of cases are contemplated by this section: first, those wherein usurious interest has been

ERVIN v. BANK.

taken, received, reserved, or charged, in which case there shall be 'a forfeiture of the entire interest which the note, bill, or other evidence of debt *carries with it,* or which has been *agreed to be paid* thereon'; second, in case usurious interest has been *paid,* the person paying it may recover back twice the amount of the interest 'thus paid from the association taking or receiving the same.' While the first class refers to interest taken and received, as well as that reserved or charged, the latter part of the clause apparently limits the forfeiture to such interest as the evidence of debt carries with it, or which has been agreed to be paid, in contradistinction to interest actually *paid,* which is covered by the second clause of the section"; and in *Bank v. Watt,* 184 U. S., 151: "The argument that the recovery should have been limited to twice the amount by which the usurious interest exceeded the legal rate is predicated on what is assumed to be the correct construction of the second sentence of section 5198 above quoted. The sentence relied on is as follows: 'In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred.' It is urged that the statute is penal in its character and must be strictly construed; therefore the sentence relied upon must be interpreted as relating solely to the usurious portion of the interest paid, and not to so much of the rate of interest as was lawful. Although it be conceded that the statute is penal in character, we do not consider, even under the strictest rule of construction, it is possible to give to it the meaning contended for without departing from its unambiguous letter, and thereby frustrating its obvious intent. The first sentence of the section provides that 'the taking, receiving, reserving, or charging a rate of interest greater than is allowed, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.' This, without the slightest

ambiguity, provides for the forfeiture, not of the amount by which the usurious has exceeded the lawful rate, but of the entire interest."

As the renewals, according to these authorities, do not change the nature of the transaction, and interest is forfeited when usury is charged, the debt became, after that time, simply a loan of money bearing no interest (*Smith v. B. and L. Assn.,* 119 N. C., 255).

Applying these principles to the facts, the credit of $146.75 must be allowed to the plaintiff, as it is not denied that the amount was paid to the defendant and has been credited on the note, and as the note bears no interest by reason of the usury.

It is, therefore, ordered that the judgment of the Superior Court be reformed by deducting from the amount recovered $146.75, and as thus modified, that it be affirmed.

Let the costs be divided.

Modified and affirmed.