KEMP P. HILL AND WIFE, BETTIE B. HILL, v. C. L. LINDSAY AND WIFE, MARY McCAULEY LINDSAY,

and

K. P. HILL AND JAMES A. HILL v. C. L. LINDSAY,

and

K. P. HILL AND WIFE, BETTIE B. HILL, v. C. L. LINDSAY.

(Filed 25 November, 1936.)

1. **Appeal and Error J e—**

Where the parties waive a jury trial and consent that the court shall find the facts, the court's findings are conclusive on appeal when supported by evidence.

2. **Limitation of Actions B e—Annual visits for appreciable length of time will not start running of statute in favor of nonresident.**

A finding that at the time of the accrual of the cause of action and continuously thereafter, defendant was a resident of another state, but spent three to five months each year within the State, *is held* not to support a conclusion of law that the applicable statute of limitations barred the action, since the statute would not begin to run in defendant's favor until he returns to the State for the purpose of residence, and annual visits here, even for appreciable lengths of time, are insufficient to start the running of the statute in his favor, and this rule is not affected by the ownership of property in this State or by the maintenance of an agent here. C. S., 411.

3. **Usury B e—In order for execution of renewal note to waive usury, parties must agree to new amount as compromise and settlement of usury.**

A usurious contract is not purged of the usury by the execution of renewals or by a change in the form of the contract, or by the giving of a separate note for the usurious charge, and in order for an agreement as to the total debt and the execution of a new note therefor to constitute a waiver of the right to plead usury, the new amount arrived at must be agreed to by the debtor as just and due the creditor, taking into consideration his claim of usury, and be in the nature of a compromise and settlement and be a novation rather than a renewal, and findings of fact that the parties agreed upon the total amount of the debt after an accounting involving the credit of sums obtained from the sale of collateral given for the debt, but not involving the question of usury, and that the debtor executed a new note for the balance thus arrived at, *is held* insufficient to support the court's conclusion of law that the debtor waived the right to claim usury, the transaction being a renewal rather than a novation.

APPEAL by plaintiffs K. P. Hill and James A. Hill from *Barnhill, J.,* at June-July Special Term, 1936, of WAKE. Reversed and remanded.

These actions were originally begun 20 July, 1933, and complaint filed. Nonsuit was thereafter entered and the suits for same causes

begun 20 July, 1934. The actions, instituted to recover the penalty for usury and for an accounting, were consolidated and referred to John N. Duncan, referee. Thereafter, on motion of the plaintiffs, judgments of nonsuit were entered in two of the above styled cases, leaving for consideration only the case of "K. P. Hill and James A. Hill v. C. L. Lindsay," in which it is agreed the questions determinative of the entire controversy between the parties are presented.

The action is brought for the recovery of the penalty for usury prescribed by C. S., 2306, for the forfeiture of interest on certain loans made plaintiffs by the defendant, and for the resultant accounting. The pleadings and evidence detail many transactions between the parties during the years 1928, 1929, and 1930.

The referee heard the evidence and reported his findings of fact and conclusions of law thereon, and exceptions were filed by both plaintiffs and defendant.

Upon the hearing before the judge of the Superior Court, jury trial was waived and it was agreed that the court should hear the case on the referee's report and the evidence taken before him.

The court below made certain findings of fact and declared certain conclusions of law, resulting in a judgment in favor of the defendant, that plaintiffs recover nothing by their actions. The plaintiffs, having noted numerous exceptions to the court's findings of fact and conclusions of law, appealed to this Court.

*W. C. Lassiter, Willis Smith, and MacLean, Pou & Emanuel for plaintiffs, appellants.*
*Murray Allen for defendant.*

DEVIN, J. While the record is voluminous, only two material questions are presented by this appeal.

1. Is the plaintiffs' cause of action for usury barred by the statute of limitations?

2. Are the plaintiffs prevented from pleading usury by reason of the execution of a new note for the balance due on previous transactions involving usury?

The parties having waived jury trial and consented that the court should find the facts, his findings, if supported by evidence, are conclusive. *Odum v. Palmer,* 209 N. C., 93; *Buchanan v. Clark,* 164 N. C., 56.

I. It is not controverted that the transactions between the parties consisted of lendings and borrowings in which usury was charged and paid, and it is admitted that all these transactions took place more than two years before the institution of these actions.

The plaintiffs contend, however, that prior to and during the period of these entire transactions the defendant C. L. Lindsay was a nonresident of the State, and that under C. S., 411, the statute of limitations would not run in his favor.

The pertinent portions of this statute are as follows:

"If, when the cause of action accrues . . . against a person, he is out of the State, action may be commenced within the times herein limited, after the return of the person into this State; and if, after such cause of action accrues . . . such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action."

This statute has been construed by this Court, in *Armfield v. Moore,* 97 N. C., 34, and *Lee v. McKoy,* 118 N. C., 518, to mean that where the debtor is a nonresident at the time the cause of action accrues, the statute does not begin to run in his favor until he shall return to the State for the purpose of residence, not simply on a visit.

"While he is a nonresident, and from the time he becomes such, the statute is *ipso facto* suspended. . . . Nor would occasional visits to the State put the statute in motion." *Lee v. McKoy, supra.*

In the case at bar the defendant alleged in his answer "that he is now and has been for about 12 years a resident of the District of Columbia," and there was a finding by the referee, approved by the judge, "that the defendant C. L. Lindsay has his legal residence in Washington, D. C., and since 1927 has spent seven to nine months of each year there, and from three to five months of each year in the State of North Carolina."

Being a nonresident of the State, he may not be permitted to invoke the protection of the statute of limitations, even though he may spend some time each year in the State.

Nor could this rule be affected by the fact that he owned property in North Carolina (*Grist v. Williams,* 111 N. C., 53), or had an agent in this State (*Williams v. Building & Loan Assn.,* 131 N. C., 267; *Green v. Ins. Co.,* 139 N. C., 309); *Volivar v. Cedar Works,* 152 N. C., 34.

II. The defendant contends that by a settlement of previous transactions and the execution of a new note at the legal rate of interest the plaintiffs are estopped now to set up claim of usury.

It appeared that on 29 April, 1929, plaintiffs executed a note to another for the benefit of the defendant in the sum of $5,850, covering the balance due defendant on a previous note and other items, and as security therefor executed deed of trust on certain real estate and placed in the hands of the defendant's attorney certain collaterals as additional security; that on this note $175.50, in addition to the legal rate of interest, was charged and included in the total; that when this note became

delinquent foreclosure was threatened; that the payments on the note had reduced the amount to $3,599.19; that pursuant to an examination of the credits and ascertainment of balance due, on 29 May, 1930, a new note in the sum of $4,000 was executed by plaintiffs to defendant's attorneys, and by them endorsed to defendant, to cover the balance due on the $5,850 note and a discount of 1½%, or $60.00 in excess of the legal rate of interest, was charged by defendant and included therein. It was found, however, that the difference between the amount of the new note and the ascertained balance of old note was due to a mutual mistake, and that the discount was not in fact paid.

In *Beck v. Bank,* 161 N. C., 201, *Walker, J.,* writing the opinion of the Court, quoted with approval from 39 Cyc., 1024, as follows: "The statutes of usury being enacted for the benefit of the borrower, he is at liberty to waive his right to claim such benefit and pay his usurious debt, if he sees fit to do so. It is therefore held that when the debtor becomes a party to a general settlement of preceding usurious transactions, made fairly and without circumstances of imposition, his recognition of the amount agreed to be due as a new obligation will preclude his setting up the old usury in defense of the new debt. This rule is not held to apply, however, unless it is clear that the debtor has fully accepted the settlement as a just debt separate and distinct from the preceding usurious obligations."

The facts in that case were that the parties came to a settlement and the negotiations resulted in an agreement to compromise, reduced to writing, wherein it was agreed in consideration of a sum of money the borrower would release the lender from all liability on account of usurious transactions.

In *Ector v. Osborne,* 179 N. C., 667, a similar holding was based upon *Beck v. Bank, supra,* and the same authority was quoted. In the case of *Ector v. Osborne, supra,* the facts were that an action for usury was by agreement settled and compromised by the elimination of usurious interest and paying six per cent on the loan, and pursuant to the settlement the borrower paid part in cash and executed notes for the balance. This settlement was approved by the judgment of the court. In a new action on the last notes it was held that usury could not be set up in defense; "that effect should be given to a compromise and settlement in which the usury is eliminated and which is approved by the court."

In *Ghormley v. Hyatt,* 208 N. C., 478, the action was on a note given in settlement of previous transactions in which usury was charged, the plaintiffs bringing an equitable proceeding for injunction alleging usury. It was held, *Clarkson, J.,* speaking for the Court, that plaintiffs were required to pay the principal and lawful interest, and that the cause of action for usury was barred by the two-year statute of limitations. The

cases of *Ector v. Osborne, supra,* and *Beck v. Bank, supra,* were cited with approval.

In *Dixon v. Osborne,* 204 N. C., 480, the plaintiffs there were denied relief on their stated cause of action for usury, it being held that by reason of a compromise settlement and judgment, bonds payable to bearer and containing a usurious charge would not retain the taint in the hands of third parties.

In the instant case, the court below approved findings of the referee and made certain additional findings on this point, as follows:

"That K. P. Hill, on or about 23 May, 1930, requested R. W. Winston, Jr., to give him a statement of amounts collected on the collateral which he held for defendant Lindsay, and of the balance due on the $5,850 note, but no satisfactory statement was furnished him. That at the time of the execution of the note for $4,000, dated 23 May, 1930, and the mortgage securing the same of even date therewith, the transaction between Winston and plaintiff in connection with collections made on said collateral had been terminated and the plaintiff, with knowledge of the unsatisfactory condition of the record kept by Winston, executed said note and mortgage, and the trust deed securing the note for $5,850 was canceled of record, but the said note was not surrendered until the hearing before the referee.

"Finding of fact No. 42 is set aside and vacated, and the court finds in lieu thereof that on the $5,850 note executed 5 April, 1929, the defendant Lindsay charged and received from plaintiff Hill and plaintiff Hill paid to the defendant the sum of $175.50, representing 3 per cent discount on said note over and above 6 per cent legal interest. The court further finds that the plaintiff Hill, by negotiation of a renewal of said note and by striking and agreeing to a balance due thereon and by executing a renewal note and mortgage is now estopped to set up and assert any claim thereto.

"That the said note was a balance then due by Hill to Lindsay, duly arrived at between the parties and acknowledged and approved by the plaintiff by the execution and delivery of said note and the mortgage securing same.

"The $4,000 note was executed after a conference between the plaintiff and the said Winston, and after they had agreed to the balance due on said note, and the same was executed by the plaintiff voluntarily without any fraud or oppression or willful deceit on the part of the defendant or his agent, and the same was executed to represent an agreed balance then due upon the indebtedness of the plaintiff to the said C. L. Lindsay, and the execution of said note and mortgage constitutes a satisfaction and accord of all transactions theretofore had between the plaintiff and the defendant."

These findings of fact and conclusions of law of the court below fail to bring this case within the rule laid down in *Beck v. Bank, supra,* and *Ector v. Osborne, supra.*

The execution of the $4,000 note was in effect evidence of obligation for the balance due on the $5,850 note, which included a charge for the use of money in excess of the legal rate of interest. It evidenced an agreement as to the balance due after the allowance of credits, but there was no controversy or opposing claims, then, as to transactions involving usury which were compromised and settled, so as to constitute a waiver on the part of the plaintiffs of the right to invoke the penalty prescribed by the usury statute. It was a renewal rather than a novation.

It has been uniformly held by the courts that a usurious contract cannot be purged of the usury by renewals or by a change in the form of the contract. *Ragan v. Stephens,* 178 N. C., 101; *Ervin v. Bank,* 161 N. C., 42; *Riley v. Sears,* 154 N. C., 509; *Faison v. Grandy,* 126 N. C., 827; *Allen v. Fogg,* 66 Iowa, 229; *Neal v. Rouse,* 93 Ky., 151; 66 C. J., 291.

The forfeiture declared by the statute is not waived or avoided by giving a separate note for the interest or by giving a renewal note in which is included usurious interest. *Brown v. Bank,* 169 U. S., 416.

In 13 A. L. R., 1213, *Ector v. Osborne, supra,* is reported with notes containing citations of many cases from other jurisdictions in support of this principle.

"It is true that if, after a usurious transaction has been completely settled and closed, a new loan is made, the borrower will not be allowed to set up the usury in the former transaction against the new loan. Usury in one transaction cannot be availed of in another. But settlement and agreement upon the amount due and the giving of a new note do not preclude the defense of usury existing in the original transaction. So long as any part of the original debt remains unpaid the debtor may insist upon the deduction of the usury." *Cobe v. Guyer,* 237 Ill., 568.

"Being merely renewals of obligations which had been given in connection with numerous usurious transactions, the taint of usury attaches to them." *McDonald v. Aufdengarten,* 41 Neb., 40.

Usury statutes are designed to protect the borrower whose necessity and importunity may place him at a disadvantage with respect to the exactions of the lender, and the borrower's consent to the payment of usury, or even his subsequent approval of it, will not debar him from subsequently asserting claim for the penalty prescribed by our broadly remedial statute. *MacRackan v. Bank,* 164 N. C., 24.

The plaintiffs have excepted to the findings and judgment of the court below that their cause of action is barred by the statute of limitations, and that they are estopped to set up claim for the penalty for usury.

Both these exceptions must be sustained, and the case is remanded to the Superior Court for judgment in accord with this opinion, upon the facts found from the evidence reported by the referee.

Reversed and remanded.