GUARANTY BOND & MORTGAGE COMPANY, INC., v. FAIR PROMISE A. M. E. ZION CHURCH ET AL.

(Filed 9 April, 1941.)

1. **Usury § 6—Where original usurious agreement is renewed and new usury added, borrower may set up usury in original agreement notwithstanding stipulation in renewal agreement releasing right to claim usury.**

Defendant executed its note, tainted with usury by the inclusion of a discount charge, and secured same by deed of trust. Upon default and threat of foreclosure, the lender, at the request of defendant, allowed defendant to renew and refinance the loan by executing new notes for the amount of the original loan less the payments theretofore made on principal and interest, plus a new usurious discount charge, which renewal notes were secured by deed of trust. At the time of executing the renewal notes, defendant executed a release to the lender discharging the lender of any claims based on usury. *Held:* The refinancing agreement in this case was not an abandonment of the original usurious agreement and the execution of a new obligation eliminating the original usury and providing for the payment of legal interest thereafter, which would purge the original usury, but was a mere renewal of the original usurious loan plus the exaction of additional usury, and defendant borrower, in an action on one of the renewal notes, is entitled not only to set up usury in the renewal notes, but may also claim usury in the original agreement, it being clear that the requirement in the renewal agreement that the borrower promise to pay a part of the old as well as additional usury was a clear imposition against which the usury statutes were designated to protect him.

2. **Usury § 2—**

The inclusion of a discount charge in the face amount of a note in addition to the principal borrowed and legal interest, constitutes usury knowingly charged in violation of the statute.

3. **Usury § 7—**

All interest is forfeited when usury is knowingly exacted. C. S., 2306.

APPEAL by defendants from *Carr, J.,* at September Term, 1940, of LEE.

Civil action to recover on promissory note. The defendants set up usury and pleaded payment.

On the hearing the parties agreed to waive a jury trial and to submit the cause to the court for determination on certain stipulated facts. In summary and abridgment, they follow:

1. On 9 May, 1927, the Fair Promise A. M. E. Zion Church borrowed $9,000.00 plus $432.00 expenses from the Industrial Bank of Richmond, Va. (a Virginia Corporation) and executed its promissory note for $13,500 ($9,432.00 plus discount of $2,286.00 plus $1,782.00 interest, amortized into 60 monthly payments of $225.00 each) and secured same by deed of trust on church lot and building in Lee County, this State.

2. The Church made 17 payments aggregating $3,825.00, and when foreclosure was threatened to collect the balance, the Church "requested that the same be refinanced on terms allowing a smaller monthly payment."

3. Thereafter, on 13 December, 1928, at the request of the Church and its officers, the Industrial Bank of Richmond "allowed the said Church to renew and refinance said loan" by agreeing to pay $8,400.00 plus $201.60 expenses. As evidence of this the Church executed a first lien note for $4,200.00, payable 1 January, 1934, and a second lien note for $6,300.00 ($4,401.60 plus discount of $1,066.80 plus $831.60 interest, amortized into 60 monthly payments of $105.00 each) and secured same by deed of trust on the Church property in Lee County. Simultaneously with the registration of this deed of trust the original deed of trust of 9 May, 1927, was canceled.

4. At the same time, to wit, on 13 December, 1928, the defendant Church executed a release to the Industrial Bank of Richmond particularly discharging and releasing the said bank "of any and all claims which we have or may hereafter have to plead usury against said Industrial Bank of Richmond by reason of the making of the old loan herein referred to and the execution of the said deed of trust on May 9, 1927, and the present settlement thereof."

5. The first lien note of $4,200.00 was negotiated to the Mortgage Corporation of Virginia, and was later collected by suit in which judgment by consent was entered without prejudice to or abridgement of the rights of the parties in respect of the second lien note.

6. On 1 September, 1931, the Industrial Bank of Richmond ceased to do business, and a bondholders' protective committee took charge of its collaterals, including the second lien note here in suit.

7. The plaintiff became the holder of the second lien note of $6,300.00 on 1 September, 1937, by purchase from bondholders' committee.

8. The Church has paid $2,175.59 on said note. This action is to enforce collection of the balance alleged to be due thereon.

The trial court held that the plea of usury, so far as the original transaction was concerned, was not available in the face of the release executed on 13 December, 1928, but that such plea was good as applied to the usury charged in the note here in suit. Judgment was accordingly rendered on the note for the difference between $4,401.60 and $2,175.59. Defendants appeal, assigning errors.

*Gavin, Jackson & Gavin for plaintiff, appellee.*
*K. R. Hoyle for defendants, appellants.*

STACY, C. J. The question for decision is whether the release of 13 December, 1928, estops the defendants from setting up usury in the original transaction. The answer is "No."

True, the decisions are to the effect that an abandonment of the usurious agreement and the execution of a new obligation for the amount of the original debt, eliminating the usury and providing for the payment thereafter of legal interest, purges the original usury, and renders the second obligation valid and enforceable. *Hill v. Lindsay,* 210 N. C., 694, 188 S. E., 406; *Beck v. Bank,* 161 N. C., 201, 76 S. E., 722; *Ector v. Osborne,* 179 N. C., 667, 103 S. E., 388, 13 A. L. R., 1207, and annotation. But this is not the case *sub judice.* The refinancing of 13 December, 1928, was but a renewal of the original obligation, unpurged of usury, and new usury was added to the note here in suit.

As exaction for the release, the defendants were required to promise to pay a part of the old as well as additional usury. This was a clear imposition upon the borrower. All interest is forfeited when usury is knowingly exacted. C. S., 2306. The items of $2,286.00 in the original note and $1,066.80 in the second lien renewal note obviously render both usurious. These amounts were knowingly charged in violation of the statute. At the time of the release no effort was made to rid the transaction of usury. Contrariwise, in addition to the original taint, more usury was exacted. This distinguishes the present case from *Beck v. Bank, supra,* where the compromise settlement was actually paid by the borrower, and the note stripped of usury. 66 C. J., 291. See *MacRackan v. Bank,* 164 N. C., 24, 80 S. E., 184, for valuable discussion of the whole subject.

The following from *Hill v. Lindsay, supra,* would seem to be decisive of the question here presented: "Usury statutes are designed to protect the borrower whose necessity and importunity may place him at a disadvantage with respect to the exactions of the lender, and the borrower's consent to the payment of usury, or even his subsequent approval of it,

will not debar him from subsequently asserting claim for the penalty prescribed by our broadly remedial statute. *MacRackan v. Bank,* 164 N. C., 24."

The cause will be remanded for judgment in accordance with what is here decided.

Error and remanded.